```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

**CREATIVE HOME DESIGNS, INC.** )
)
      **Plaintiff,** )
)
  **v.** )   Case No. 3:06-CV-0039
)   Judge Echols
**FRED FRANCIS BUILDERS, L.P.,** )
**FRED FRANCIS, and CHRIS TURNER,** )
)
      **Defendants.** )

## MEMORANDUM

Pending before the Court is Defendants Fred Francis Builders, L.P. and Fred Francis' (collectively "Francis Defendants") Motion to Bifurcate (Docket Entry No. 34) the issue of liability and damages in this copyright action. Plaintiff Creative Home Designs, Inc. ("Creative Home") has responded in opposition (Docket Entry No. 44).

## I. FACTS

The Complaint alleges the following to be the facts in this case. Creative Home is engaged in the business of designing homes and selling home designs. (Complaint ¶ 7). The Francis Defendants are home builders in the Murfreesboro, Tennessee area who had access to (and in the past lawfully purchased) plans embodying Creative Home's home designs. (Id. ¶¶ 8-9).

In 1999, Creative Home created an architectural work identified as Plan # 19-49 ( the "19-49 design"). Creative Home obtained a copyright registration for that work. (Id. ¶¶ 10-11).

Plaintiff claims the Francis Defendants made copies of Plaintiff's 19-49 design without permission from Creative Home. Defendant Chris Turner ("Turner") allegedly redrafted Plaintiff's

19-49 design, as well as other Creative Home designs, at the direction of the Francis Defendants. (Id. ¶¶ 12-14).

Plaintiff further alleges the Francis Defendants have constructed and sold at least three structures that infringe copyrights of Creative Home in the Murfreesboro, Tennessee area. (Id. ¶¶ 15-17). Plaintiff claims the Francis Defendants knowingly infringed on their copyrighted work and that one or more of the Defendants removed copyright management information from copies of Creative Home's designs without its permission. (Id. ¶¶ 18-19).

Based upon these events, Creative Home filed a two-count complaint in this Court. Count I alleges copyright infringement in violation of 17 U.S.C. § 501 *et seq.* Count II seeks relief under 17 U.S.C. § 1202 *et seq.* for the unauthorized removal of copyright management information.

After the Complaint was filed, the parties submitted a Proposed Case Management Order (Docket Entry No. 25), and a Second Proposed Case Management Order (Docket Entry No. 26), neither of which suggested that there would be a need to bifurcate damages and liability in this case. A Case Management Order was entered by the Magistrate Judge on March 20, 2006, and that document does not mention any need to bifurcate this action. In fact, according to Plaintiff, during the extended discussion relating to discovery disputes during the Case Management Conference held on March 13, 2006, the Francis Defendants never mentioned a desire to bifurcate this action (Docket Entry No. 44 at 6).

2

Creative Home served discovery requests on the Francis Defendants on March 14, 2006, which included interrogatories and document requests pertaining to the Francis Defendants' profits, revenues, finances, and accounting. On March 29, 2006, the Francis Defendants filed objections to Creative Home's discovery requests, refused to provide documents or information regarding any designs other than the 19-49 design, and refused to provide information regarding financial matters, indicating that they would file a motion to bifurcate. (Docket Entry No. 39, Ex. G). The Motion to Bifurcate was filed almost two weeks later.

## II. **LEGAL DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 42(b), "[t]he court, in furtherance of expedition and economy, may order a separate trial of any claim." Fed. R. Civ. P. 42(b). "Only one of these criteria need be met to justify bifurcation." Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996).

Whether to bifurcate claims rests in the discretion of the Court. Specialty Minerals, Inc. v. Dunbar Mechanical, Inc., 164 Fed. Appx. 539, 541 (6th Cir. 2005). That decision "is dependent on the facts and circumstance of each case," id., and the Sixth Circuit "has recognized, the court, in ordering separate trials, must consider several issues such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982).

3

In this case, Defendants set forth two arguments which they contend support bifurcation. First, Defendants argue that although Plaintiff has pled that this action involves the potential infringement of only one architectural work – the 19-49 design – its discovery requests are broader because they seek information regarding an "Accused Design," with that phrase being defined to include not only the 19-49 design, but also the 14-25 design, the 16-21 design and the 22-30 design. Defendants characterize this as "noting [sic] more than a fishing expedition and an effort to confuse the issues of this case." Docket Entry No. 36-1 at 3).[1]

Second, Defendants assert that in Plaintiff's discovery requests there are over ten requests (containing subparts) seeking financial information. Defendants claim these requests are "overly broad, unduly burdensome, and unnecessarily expensive." (Id. at 4).

Defendants have failed to show either that trial of all issues in this case at the same time will lead to confusion or that there would be convenience and economy in having separate trials. What Defendants appear to be claiming is that they would be prejudiced based upon the discovery requests that have been propounded. This alone is not a basis for bifurcation. The Federal Rules contain specific provisions for the abuse of the discovery process. Fed. R. Civ. P. 26.

---

[1] This argument may be moot because Plaintiff has filed a Motion to Amend/Correct the Complaint "to specifically identify more of the home designs and copyright registration at issue." Docket Entry No. 40).

4

While Rule 42(b) does not set forth a time limit for the filing of a motion to bifurcate and consequently the motion can be filed even as late as the eve of trial, O'Malley *et. al.*, 1 <u>Federal Jury Practice and Instructions</u>, § 5.03 (2006), the timing of Defendants' Motion in this case is suspect and supports Plaintiff's assertion that, in filing the Motion, Defendants are seeking to avoid responding to Plaintiff's discovery requests. As already pointed out, the idea that bifurcation may be appropriate was never mentioned during the Case Management Conference, even though there was extended discussion about the formulation of the discovery plan. Instead, the Motion to Bifurcate was filed after the Francis Defendants objected to discovery which had been propounded.

Moreover, it is unclear how separating liability from damages will totally eliminate Defendants' concern that Plaintiff is requesting information regarding potential infringement of more home plans than the one specified in the Complaint. In any event, the Court perceives no prejudice to the parties in trying liability and damages together, nor does it believe that there will be jury confusion in trying this case as a whole. As for convenience and economy, Defendants present no evidence which would suggest that it would be more convenient or economical to sever damages from liability in this case. They merely assert that if liability is found not to exist, there would be no need for addressing the issue of damages, but that if liability is found to exist there will probably need to be testimony from expert witnesses. However, this is true in the vast majority of civil cases and the Court cannot,

5

on the basis of the present record, conclude that any economy will be realized by bifurcating liability from damages.  Accordingly, the Motion to Bifurcate will be denied.

### III. CONCLUSION

On the basis of the foregoing, the Francis Defendants' Motion to Bifurcate (Docket Entry No. 34) will be denied.  An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE